IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

BENJAMIN WHITING,

Appellant, pro se,

v.

UNKNOWN AGENTS OF THE FBI,

Appellees.

Case No. 2:25-cv-1369

Appeal from the United States District Court for the Western District of Pennsylvania

Hon. William S. Stickman IV

APPELLANT'S BRIEF

11/13/2025

FILED

NOV 13 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

---

Table of Contents

1. Introduction and Summary of Argument ............................................ [1]

2. Jurisdiction and Venue ................................................................... [2]

3. Statement of Issues Presented ....................................................... [3]

4. Standard of Review ....................................................................... [4]

5. Factual Background and Procedural History .................................... [5]

6. Legal Argument: Bad Faith and Malicious Dismissal ......................... [6]

7. Legal Argument: FBI Framing and Coercive Recruitment ................... [7]

8. Conclusion and Relief Sought ............................................................. [8]

9. Signature Block .................................................................................. [9]

## Introduction and Summary of Argument

This appeal arises from the district court's order dismissing Appellant Benjamin Whiting's civil rights action with prejudice, following a series of procedural irregularities and overtly hostile judicial conduct. The district court's decision, rendered by Hon. William S. Stickman IV, not only disregarded the factual allegations and the pro se status of the Appellant, but also demonstrated a clear pattern of bad faith and bias, culminating in a dismissal that was both procedurally and substantively unjustified.

Appellant contends that the dismissal was predicated on a willful mischaracterization of his claims and a refusal to permit meaningful discovery or amendment, despite explicit requests for the court's assistance in identifying the responsible parties. The district court's order repeatedly described Appellant's allegations as "fanciful, fantastic, delusional, irrational, and wholly incredible," without any evidentiary hearing or opportunity for Appellant to substantiate his claims. This language, coupled with the court's sua sponte invocation of subject matter jurisdiction and Rule 12(b)(1) to foreclose further proceedings, reflects a prejudgment of the merits and a disregard for the principles of fair process.

Central to this appeal is the assertion that the FBI, through its agents, engaged in a campaign of coercive recruitment against Appellant, culminating in the fabrication of a stalking charge to exert pressure and undermine his autonomy. The district court's refusal to acknowledge or

investigate these serious allegations, and its decision to foreclose all future amendment or relief, constitutes an abuse of discretion and a manifest injustice.

Appellant seeks reversal of the dismissal with prejudice, a finding that the district court acted in bad faith, and remand for further proceedings, including discovery into the FBI's conduct and the opportunity to amend the complaint to name the responsible agents.

**Jurisdiction and Venue**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as the district court's order constitutes a final judgment dismissing all claims with prejudice. Venue is proper in the United States Court of Appeals for the Third Circuit, as the underlying action was adjudicated in the Western District of Pennsylvania.

No jurisdictional defects or procedural barriers preclude this appeal. The district court's order was entered on October 20, 2025, and Appellant's notice of appeal was timely filed in accordance with Federal Rule of Appellate Procedure 4(a). The issues presented are ripe for review, and the relief sought falls squarely within the appellate court's authority to reverse, vacate, or remand for further proceedings.

**Statement of Issues Presented**

1. Whether the district court's dismissal of Appellant's amended complaint with prejudice constituted bad faith, judicial bias, or an abuse of discretion, in light of the court's refusal to permit discovery, amendment, or meaningful consideration of the factual allegations.

2. Whether the district court erred in characterizing Appellant's claims as "fanciful, fantastic, delusional, irrational, and wholly incredible" without affording Appellant an evidentiary hearing or the opportunity to substantiate his allegations.

3. Whether the district court's sua sponte dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) was procedurally and substantively improper, given the allegations of FBI misconduct and coercive recruitment.

4. Whether the FBI's alleged framing of Appellant with a stalking charge, as part of a campaign of coercive recruitment, constitutes egregious misconduct warranting reversal of the dismissal and remand for further proceedings.

5. Whether the district court's actions deprived Appellant of his constitutional rights to due process, access to the courts, and fair adjudication of his claims.

**Standard of Review**

The standard of review for a district court's dismissal with prejudice is well established. Where the dismissal is based on legal conclusions—such as the sufficiency of the pleadings under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6)—the appellate court exercises plenary, or de novo, review. This means the appellate court affords no deference to the district court's legal determinations and independently assesses whether the complaint states a claim upon which relief can be granted or whether subject matter jurisdiction exists.

To the extent the district court's decision rests on factual findings or discretionary procedural rulings, such as the denial of leave to amend or the decision to dismiss with prejudice rather than without, the standard is abuse of discretion. An abuse of discretion occurs when the district court's decision is arbitrary, capricious, or manifestly unreasonable, or when it is based on an

erroneous view of the law or a clearly erroneous assessment of the evidence. Appellant presented direct evidence in the form of a recruitment note, which clearly indicated coercive recruitment pressure by the FBI. This was a note found in a hotel elevator at the Hotel UMass in Amherst, MA telling him to go to a music venue on a weeknight show to meet a "potential employer" during a time which Whiting was being pressured by the FBI's broadcast and family (his aunt, Lisa Shaughnessy, a retired Air Force officer currently living in Fitchburg, MA after living in Springfield, VA working in national security for decades, told Whiting to "listen to them and transfer to UMass and not worry about [his] personal agency" in a conversation where she explained to Whiting that his mother, Mary Whiting, was "treating [me] like [she] treats [her son]"; she recruited her son, Kevin Shaughnessy, into the NSA when he may have had history of hacking online. This fact, combined with the evidence, clearly indicates an attempt at coercive recruitment, coordinated by multiple members of the Plaintiff's family and connected figures, as well as what is understood to be further unknown individuals. The district court's refusal to consider this clearly worded evidence or permit discovery constitutes a manifest abuse of discretion and a violation of Appellant's right to develop his claims.

Dismissals with prejudice at the pleading stage are disfavored, particularly where the plaintiff is pro se and has not been afforded a meaningful opportunity to amend or develop the record. The Third Circuit has repeatedly emphasized that sua sponte dismissals for lack of subject matter jurisdiction or for failure to state a claim must be scrutinized to ensure that they are not the product of judicial bias, bad faith, or a premature adjudication of the merits. The appellate court has a duty to guard against dismissals that foreclose meritorious claims without due process, especially where the record reflects a refusal to permit discovery or amendment in the face of serious allegations of governmental misconduct.

In sum, this Court reviews the district court's legal conclusions de novo and its discretionary decisions for abuse of discretion, with heightened vigilance where the record suggests the possibility of bad faith or improper motive in the dismissal.

**Factual Background and Procedural History**

**I. Initiation of the Action and Allegations of FBI Misconduct**

On September 8, 2025, Appellant Benjamin Whiting initiated a civil rights action in the United States District Court for the Western District of Pennsylvania, alleging a campaign of harassment, surveillance, and coercive recruitment orchestrated by the Federal Bureau of Investigation ("FBI") and its unknown agents. Central to Whiting's complaint was the assertion that the FBI, acting through its agents, fabricated a stalking charge against him as a means of exerting pressure and compelling his cooperation in covert operations. Whiting alleged that these actions were not only unlawful but also part of a broader pattern of psychological manipulation, including the use of directed-energy technologies and non-consensual surveillance, all designed to undermine his autonomy and force his recruitment.

**II. District Court's Initial Dismissal and Imposition of Restrictive Amendment Conditions**

Shortly after the filing of the complaint, the district court, presided over by Hon. William S. Stickman IV, issued a memorandum order dismissing all claims against the FBI with prejudice, citing sovereign immunity and the FBI's status as a non-person under Bivens and related doctrines. The court further dismissed the claims against "Unknown Agents of the FBI" without prejudice, granting leave to amend but imposing stringent requirements: Whiting was ordered to identify the actual names of the agents and to provide specific, non-conclusory details of their alleged misconduct. The court's order emphasized that "more than conclusory and vague

allegations are required to state a cause of action," and that Whiting must "clearly describe how each named defendant is involved in the alleged constitutional violation(s)".

Despite Whiting's pro se status and explicit requests for the court's assistance in uncovering the identities of the responsible agents through discovery, the court refused to permit any discovery or investigative process prior to amendment. Whiting's amended complaint reiterated his inability to identify the agents without court-facilitated discovery and reserved the right to amend as new information became available. Nevertheless, the court found this insufficient, characterizing Whiting's claims as lacking "any arguable basis in law or fact" and as "fanciful, fantastic, delusional, irrational, and wholly incredible".

### III. Dismissal with Prejudice and Judicial Hostility

On October 20, 2025, the district court sua sponte dismissed the amended complaint with prejudice, invoking Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The court's order was replete with pejorative language, repeatedly dismissing Whiting's allegations as "wholly insubstantial" and "no longer open to discussion," and analogizing his claims to those in DeGrazia v. F.B.I., where the Third Circuit affirmed dismissal of similarly "incredible" allegations. The court further denied all pending motions as moot and foreclosed any further opportunity for amendment or factual development.

The district court's approach was marked by a refusal to engage with the substance of Whiting's allegations or to afford him the procedural protections typically extended to pro se litigants. At no point did the court permit an evidentiary hearing, limited discovery, or any process by which Whiting could substantiate his claims or identify the responsible agents. Instead, the court's

orders reflect a predetermined hostility to the merits of the case and a willingness to foreclose all relief based on the court's own incredulity, rather than any developed factual record.

## IV. Context of Bad Faith and Malicious Intent

The procedural history of this case is inextricably intertwined with the underlying allegations of FBI misconduct. Whiting has consistently maintained that the FBI's actions—including the alleged fabrication of a stalking charge—were designed to coerce his recruitment and silence his objections to unlawful surveillance. The district court's refusal to permit discovery or to consider these allegations on their merits, coupled with its use of dismissive and prejudicial language, raises serious questions about the impartiality and good faith of the proceedings.

Rather than providing the "liberal construction" and procedural latitude required for pro se litigants, the court's actions effectively insulated the FBI and its agents from any scrutiny, denied Whiting access to the courts, and foreclosed any possibility of redress for the egregious misconduct alleged. The record thus reflects not only a failure of process but also a pattern of judicial conduct that is itself suggestive of bad faith and a deliberate effort to suppress legitimate claims of governmental abuse.

**Legal Argument: Bad Faith and Malicious Dismissal**

## I. The District Court's Dismissal with Prejudice Constitutes Bad Faith

The district court's decision to dismiss Appellant's amended complaint with prejudice, without permitting discovery or meaningful amendment, is a paradigmatic example of judicial bad faith and procedural abuse. The court's orders reveal a predetermined hostility to the merits of Appellant's claims, evidenced by repeated use of pejorative descriptors—"fanciful, fantastic, delusional, irrational, and wholly incredible"—in lieu of any substantive engagement with the

factual allegations or the legal standards governing dismissal. Such language, especially when directed at a pro se litigant, is not merely inappropriate; it signals a refusal to afford the impartial consideration required by law.

Federal courts are obligated to construe pro se pleadings liberally and to provide plaintiffs with an opportunity to amend defective complaints, except in cases of futility or manifestly incurable defects. The Supreme Court has emphasized that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (Erickson v. Pardus, 551 U.S. 89, 94 (2007)). The Third Circuit has likewise cautioned that sua sponte dismissals at the pleading stage must be scrutinized to ensure that they are not the product of judicial bias or bad faith, and that plaintiffs are afforded a meaningful opportunity to cure deficiencies (Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988); Dougherty v. Harper's Mag. Co., 537 F.2d 758, 761 (3d Cir. 1976)).

In this case, the district court not only failed to provide Appellant with the procedural latitude required for pro se litigants, but actively foreclosed all avenues for factual development. Despite Appellant's explicit request for discovery to identify the responsible agents and substantiate his claims, the court dismissed the amended complaint for failure to name individual defendants and for lack of "specific details," while simultaneously denying any mechanism by which such details could be obtained. This circular reasoning—demanding specificity while denying the means to achieve it—constitutes a manifest abuse of discretion and a violation of the principles of fair process.

**II. Judicial Bias and Prejudgment of the Merits**

The record reflects a pattern of judicial bias and prejudgment, as the district court repeatedly analogized Appellant's allegations to those in DeGrazia v. F.B.I., 316 F. App'x 172 (3d Cir. 2009), where the claims were deemed "so attenuated and unsubstantial as to be absolutely devoid of merit". However, the court's reliance on DeGrazia is misplaced. In DeGrazia, the allegations were patently fantastical and unsupported by any factual predicate. Here, Appellant has alleged a concrete pattern of governmental misconduct—namely, the fabrication of a stalking charge and coercive recruitment efforts by the FBI—which, if proven, would constitute serious violations of constitutional rights.

The district court's refusal to permit an evidentiary hearing, limited discovery, or any process by which Appellant could substantiate his claims, stands in stark contrast to the requirements of Rule 8 and the liberal pleading standards articulated in Twombly and Iqbal (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court's orders reflect not a reasoned assessment of the pleadings, but a categorical rejection of the possibility that governmental misconduct could occur, based solely on the court's own incredulity. Such conduct is antithetical to the role of the judiciary and undermines the integrity of the judicial process.

**III. Procedural Abuse: Denial of Leave to Amend and Discovery**

Dismissals with prejudice at the pleading stage are disfavored, particularly where the plaintiff is pro se and has not been afforded a meaningful opportunity to amend or develop the record. The Third Circuit has held that "an amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss" (In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Here, the district court did not permit Appellant

to conduct discovery or to amend his complaint in light of new information, but instead dismissed the action with prejudice at the earliest possible stage, foreclosing all future relief.

The court's refusal to permit discovery is especially egregious given Appellant's allegations that the identities of the responsible agents were deliberately concealed and could only be uncovered through court-facilitated procedures. By denying discovery and then dismissing for lack of specificity, the court created an insurmountable procedural barrier, effectively insulating the FBI and its agents from scrutiny and denying Appellant access to the courts.

### IV. The Legal Standard for Bad Faith Dismissal

A finding of bad faith in judicial proceedings may be predicated on conduct that is arbitrary, capricious, or manifestly unreasonable, or that reflects a predetermined hostility to the merits of a party's claims. The appellate court has a duty to guard against dismissals that foreclose meritorious claims without due process, especially where the record reflects a refusal to permit discovery or amendment in the face of serious allegations of governmental misconduct.

In this case, the district court's actions—refusing to permit discovery, dismissing with prejudice at the pleading stage, and employing prejudicial language—constitute a clear abuse of discretion and evidence of bad faith. The court's orders did not reflect a reasoned application of the law, but rather a deliberate effort to suppress legitimate claims of governmental abuse and to insulate the FBI from accountability.

### V. Conclusion

For the foregoing reasons, the district court's dismissal with prejudice must be reversed. The record demonstrates not only procedural abuse and judicial bias, but a pattern of bad faith conduct that deprived Appellant of his constitutional rights to due process, access to the courts,

and fair adjudication of his claims. The appellate court should remand for further proceedings, including discovery and the opportunity to amend the complaint, to ensure that Appellant's allegations of FBI misconduct are fully and fairly adjudicated. ,

**Legal Argument: FBI Framing and Coercive Recruitment**

**I. Overview of FBI Misconduct and Framing**

At the heart of this appeal lies the Appellant's credible and detailed allegation that the Federal Bureau of Investigation, through its agents, engaged in a campaign of coercive recruitment culminating in the fabrication of a stalking charge against him. This conduct, as alleged, was not an isolated incident but part of a broader pattern of psychological manipulation, surveillance, and directed-energy harassment, all designed to undermine Appellant's autonomy and force his compliance with covert governmental objectives.

The district court's orders repeatedly dismissed these allegations as "fanciful, fantastic, delusional, irrational, and wholly incredible," refusing to engage with the substance of the claims or permit any process by which they could be substantiated. This summary rejection, without evidentiary hearing or discovery, insulated the FBI and its agents from scrutiny and denied Appellant the opportunity to prove the existence and scope of the misconduct.

**II. Violations of Constitutional Rights and Procedural Fairness**

The alleged conduct by the FBI—framing the Appellant with a criminal charge to coerce his recruitment—constitutes a grave violation of constitutional rights, including the right to due process, the right to be free from unwarranted governmental intrusion, and the right to access the courts for redress of grievances. The Supreme Court has long recognized that governmental

actors may not use the criminal justice system as a tool of coercion or retaliation against individuals who refuse to cooperate with unlawful demands.

The district court's refusal to permit discovery or an evidentiary hearing deprived Appellant of the procedural safeguards necessary to vindicate these rights. Instead, the court demanded that Appellant identify the responsible agents and provide specific details of their conduct, while simultaneously denying him the means to obtain such information. This procedural Catch-22 not only foreclosed the possibility of a fair adjudication but also signaled a predetermined hostility to the merits of the case.

Moreover, the court's reliance on its own incredulity as a basis for dismissal—rather than any developed factual record—contravenes the principles of liberal pleading and fair process, especially in cases involving pro se litigants and allegations of governmental abuse. The Third Circuit has emphasized that courts must afford plaintiffs a meaningful opportunity to develop their claims, particularly where the alleged misconduct implicates fundamental rights and the integrity of the judicial process.

**III. Impact on the Validity of Dismissal**

The egregious nature of the FBI's alleged conduct, coupled with the district court's refusal to investigate or permit discovery, invalidates the basis for dismissal with prejudice. The court's orders did not reflect a reasoned application of the law or a fair assessment of the pleadings, but rather a deliberate effort to suppress legitimate claims of governmental misconduct. By foreclosing all avenues for factual development and dismissing the case at the earliest possible stage, the court insulated the FBI from accountability and denied Appellant access to the courts.

Such conduct cannot be countenanced by this Court. The allegations of framing and coercive recruitment, if proven, would constitute serious violations of constitutional rights and a manifest abuse of governmental power. The district court's refusal to permit discovery or to consider these allegations on their merits is itself evidence of bad faith and a failure of judicial responsibility.

Accordingly, the appellate court should reverse the dismissal with prejudice, remand for further proceedings, and order that Appellant be afforded the opportunity to conduct discovery and substantiate his claims. Only through a full and fair adjudication can the integrity of the judicial process be preserved and the rights of the Appellant vindicated. ,

**Conclusion and Relief Sought**

For the reasons set forth above, Appellant respectfully submits that the district court's dismissal with prejudice was not only legally erroneous but also the product of bad faith, judicial bias, and a manifest disregard for the principles of due process and fair adjudication. The court's refusal to permit discovery, its prejudicial characterization of Appellant's claims, and its denial of any opportunity to amend or substantiate the allegations collectively deprived Appellant of his constitutional rights and insulated the FBI and its agents from accountability.

Appellant therefore requests that this Court:

1. Reverse the district court's order dismissing the amended complaint with prejudice;

2. Remand the case for further proceedings, including the opportunity for discovery and amendment of the complaint to identify the responsible agents and substantiate the claims;

3. Direct the district court to afford Appellant the procedural protections required for pro se litigants, including liberal construction of pleadings and meaningful access to the courts;

4. Grant any other relief deemed just and proper to ensure judicial accountability and the vindication of Appellant's rights.

Only through reversal and remand can the integrity of the judicial process be restored and the serious allegations of governmental misconduct be fully and fairly adjudicated.

---

Respectfully submitted,

*/s/ Ben Whiting*

Ben Whiting

4600 Bayard St., Apt 102

Pittsburgh, PA 15213

(412) 906-1804

bww25@pitt.edu

Pro Se